IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MONTY GARNER, | ) | |
| | ) | C/A No. 4:06-1742-TLW-TER |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| MICHAEL PETTIFORD, WARDEN, | ) | |
| FCI-BENNETTSVILLE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Monty Garner, ("petitioner/Garner"), filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on June 8, 2006. Respondent filed a motion to dismiss or in the alternative for summary judgment on September 5, 2006, with supporting memorandum. (Doc. #5). The undersigned issued an order filed September 6, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion to dismiss/summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition.

**FACTS**

Petitioner was sentenced on April 6, 2004, to a 57-month term of incarceration in the United States District Court for the Eastern District of North Carolina, for possession of an Unregistered Pen

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Gun (26 U.S.C. §§ 5861(d) & 5871). Petitioner was incarcerated at the Federal Correctional Institution (FCI) Bennettsville, South Carolina. Petitioner has a projected release date of November 27, 2007, via Good Conduct Time (GCT) release.(Respondent's brief). Respondent asserted in his return and memorandum that petitioner would be eligible for RRC placement on June 30, 2007. Therefore, the undersigned issued an Order on July 31, 2007, ordering the parties to inform the court of petitioner's current status.

Respondent filed a response and Declaration of Roy Lathrop on August 2, 2007, stating petitioner was released from the FCI Bennetsville, South Carolina on July 3, 2007, to a Residential Reentry Center (RRC) (a.k.a. Halfway House) in Raleigh, North Carolina for pre-release programing. (Document #10 with attachment).

As petitioner has already been placed in a RRC, the relief sought has been obtained. As petitioner has already been transferred to a RRC/halfway house, his claim is now moot. Therefore, it is recommended that the present petition be dismissed as moot.[2]

---

[2] It is noted that a report and recommendation has been entered in Dunkley v. Hamidullah, No. 6:06-2139-JFA-WMC in which United States Magistrate Judge William M. Catoe recommended denying respondent's motion for summary judgment concluding that the BOP's 2005 regulation, which categorically restricts placement of an inmate in a half-way house to no more than 10% of his sentence, not to exceed six months, to be invalid. Magistrate Judge Catoe concluded that while there is no controlling authority in the Fourth Circuit, the reasoning of the Eighth Circuit Court of Appeals in Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006) to be persuasive in concluding the BOP regulations at issue to be invalid. Judge Catoe also noted that the only District of South Carolina case found to consider the validity of the 2005 regulations was in Korda V. United States, No. 3:06-0553-PMD-, 2007 WL 712286 (S.C. March 6, 2007). In that case, the Honorable Patrick Michael Duffy, United States District Judge, adopted the report of United States Magistrate Judge McCrorey recommending that the petition be deemed moot as petitioner had been released from federal custody. However, in dicta, Judge McCrorey stated that two circuits have found the BOP's February 2005 rule invalid because the exercise of "categorical discretion" by the BOP limits the statutory directive to individually apply the factors set forth in 28 U.S.C. 3621 (b). Judge McCrorey concluded that the weight of authority holds the BOP 2005 regulation to be invalid.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 14, 2007
Florence, South Carolina

---

It is also noted that United States Federal Magistrate Judge George C. Kosko entered a report and recommendation on July 31, 2007, in Rudd v. Bauknecht, No. 9:07-252-HMH-GCK in which he followed the conclusion of Magistrate Judge Catoe in Dunkley, supra, finding that the 2005 BOP regulations are invalid..While the undersigned finds the analysis by Judge Catoe and Judge Kosko to be well reasoned and persuasive, the issue does not need to be addressed in this case as the petition is moot.

3